IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

DALE OLIVER,

           Plaintiff,

    v.

CAROLYN COLVIN,
Commissioner of Social Security,

           Defendant.

Case No. 3:13-cv-00449-SU

**FINDINGS AND RECOMMENDATION**

SULLIVAN, United States Magistrate Judge:

Before the Court is plaintiff Dale Oliver's Unopposed Motion for Attorney Fees Under 42 U.S.C. § 406(b). (Docket No. 23). The Court has reviewed the proceedings below and the amount of fees sought, and recommends that plaintiff's Motion be GRANTED. The Court should grant plaintiff's attorney's request for fees of $20,345.00, with plaintiff's attorney to refund to plaintiff the already-awarded Equal Access to Justice Act fees of $5,853.73.

## PROCEDURAL BACKGROUND

Plaintiff filed his application for Title II Disability Insurance Benefits ("Benefits") on December 9, 2009. Tr. 11. His application was denied initially and on reconsideration. *Id.* On

July 27, 2011, an Administrative Law Judge ("ALJ") issued an opinion in which he found plaintiff not disabled and, therefore, not entitled to Benefits. Tr. 8. That decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's subsequent request for review. Tr. 1.

Plaintiff sought review of the Commissioner's decision by filing a Complaint in this Court on March 15, 2013. (Docket No. 1). Plaintiff argued that the ALJ committed various errors during the five-step sequential analysis for determining disability. Plaintiff argued that the ALJ erred at step three analysis by finding that plaintiff's impairments did not meet or medically equal the criteria for any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1; plaintiff argued that the ALJ's finding was not supported by substantial evidence. Pl.'s Brief (Docket No. 13), at 5-8. Plaintiff also argued that the ALJ erred at step four of the analysis, by finding that plaintiff was capable of returning to his past relevant work as a telemarketer; plaintiff argued that the ALJ erred by failing to include all of plaintiff's functional limitations, by failing to consider the opinion of plaintiff's treating physician, and by rejecting the opinion of another treating physician without clear and convincing reasons. *Id.*, at 8-13. Plaintiff further argued that the ALJ improperly rejected as incredible plaintiff's subjective pain complaints. *Id.*, at 13-15. Lastly, plaintiff argued that the ALJ erred at step five of the analysis, by relying on a vocational expert's testimony that used a hypothetical not based on all of plaintiff's functional limitations. *Id.*, at 15-16.

On February 18, 2014, the parties submitted a Stipulated Motion for Remand for further administrative proceedings. (Docket No. 18). The next day, the Court granted the Motion and entered judgment remanding. (Docket No. 19).

On May 12, 2014, the Court granted plaintiff's Stipulated Motion for Attorney Fees Under 28 U.S.C. § 2412(d), the Equal Access to Justice Act ("EAJA"). (Docket Nos. 20-22). The Court awarded $5,853.73 in attorney fees and $350.00 in costs for filing fees. (Docket No. 22). On August 31, 2016, the Social Security Administration ("Administration") issued a Notice of Award entitling plaintiff to Benefits, beginning retroactively from March 2009. (Docket 23-2). The Administration determined that plaintiff's past-due Benefits were $86,465.00. Pl's Mot. (Docket No. 23), at 4. Plaintiff's attorney received the Notice of Award on November 1, 2016 (Docket No. 23-2), at 5. On December 28, 2016, plaintiff filed the instant Unopposed Motion for Attorney Fees Under 42 U.S.C. § 406(b) in the amount of $20,345.00, with plaintiff's attorney to refund to plaintiff the previously-awarded $5,853.73 in EAJA fees. (Docket No. 23). Plaintiff's Motion is timely under L.R. 4000-8. The Commissioner does not oppose plaintiff's Motion.

## LEGAL STANDARD

After entering a judgment in favor of a Social Security claimant represented by counsel, a court "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). A "twenty-five percent contingent-fee award is not automatic or even presumed; 'the statute does not create any presumption in favor of the agreed upon amount.'" *Dunnigan v. Astrue*, No. CV 07-1645-AC, 2009 WL 6067058, at *6 (D. Or. Dec. 23, 2009), *adopted* 2010 WL 1029809 (March 17, 2010) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, at 807 n.17 (2002)). A § 406(b) fee award is paid from the claimant's retroactive benefits, and an attorney receiving such an award may not seek any other compensation from the claimant. *Dunnigan*, 2009 WL 6067058, at *6. Accordingly, when a

court approves both an EAJA fee award and a § 406(b) fee payment, the claimant's attorney must refund to the claimant the lesser of the two payments. *Gisbrecht*, 535 U.S. at 796.

## DISCUSSION

The parties do not dispute that plaintiff is the prevailing party in this matter. Additionally, the Commissioner does not challenge the amount plaintiff requests in attorney fees. Nonetheless, because the Commissioner does not have a direct stake in the allocation of plaintiff's attorney fees, the Court must ensure the calculation of fees is reasonable. *See Gisbrecht*, 535 U.S. at 798 n.6 ("We also note that the Commissioner of Social Security . . . has no direct financial stake in the answer to the § 406(b) question . . . .").

### I.     Fee Agreement

Under the Supreme Court's decision in *Gisbrecht*, the Court first examines the contingent fee agreement to determine whether it is within the statutory twenty-five percent cap. 535 U.S. at 808. Plaintiff and his attorney executed a contingent-fee agreement, which provided that if his attorney obtained payment of past-due benefits, plaintiff would pay him twenty-five percent of the past-due benefits awarded. (Docket No. 23-1). The terms of this agreement are thus within the statute's limits.

The next step is to confirm that the fee requested by counsel does not exceed the statute's twenty-five percent ceiling. This determination requires evidence of the retroactive benefits to be paid to plaintiff. Plaintiff's attorney provided a document from the Administration entitled "Notice of Award," which details the retroactive benefits due to plaintiff and states that the Administration has withheld funds in reserve to pay any attorney fees awarded by the Court, which may not exceed twenty-five percent of past-due benefits. (Docket No. 23-2). Plaintiff's

attorney seeks fees just below the limit of 25% of the amount of retroactive benefits.[1]  After determining that the fee agreement and the amount requested are in accordance with the statutory limits, the Court next turns to "its primary inquiry, the reasonableness of the fee sought." *Dunnigan*, 2009 WL 6067058, at *10.

## II.     Reasonableness Factors

The Court should not view an order awarding benefits in isolation, nor always presume that a fee award of twenty-five percent of a claimant's retroactive benefits award is required. *Dunnigan*, 2009 WL 6067058, at *12.  If obtaining benefits always supported awarding fees for the maximum amount provided for by statute, the other *Gisbrecht* factors and "the trial courts' assigned task of 'making reasonableness determinations in a wide variety of contexts'" would be unnecessary.  *Id.*  (quoting *Gisbrecht*, 535 U.S. at 808).  Here, plaintiff's attorney seeks an amount in fees just below twenty-five percent of the past-due benefits, which is the maximum under the statutory cap.

Plaintiff's counsel bears the burden to establish the reasonableness of the requested fees. *Gisbrecht*, 535 U.S. at 807.  While the Court must acknowledge the "primacy of lawful attorney-client fee agreements," contingent fee agreements that fail to "yield reasonable results in particular cases" may be rejected.  *Id.* at 793, 807.  The Court must ensure a disabled claimant is protected from surrendering retroactive disability benefits in a disproportionate payment to counsel.  *Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (en banc) (citing *Gisbrecht*, 535 U.S. at 808). Following *Gisbrecht*, the Ninth Circuit has identified the factors a court should consider when evaluating the reasonableness of the requested fees: (1) the character of the

---

[1] Plaintiff's attorney requests fees of $20,345.00.  Plaintiff's attorney already received $1,057.50 in agency fees before the Administration under 42 U.S.C. § 406(a).  Pl.'s Mot. (Docket No. 23), at 4.  These fee awards total $21,402.50.  This is just below twenty-five percent of the total amount of past due Benefits (25% of $86,465.00 is $21,616.25).

Page 5 - FINDINGS AND RECOMMENDATION

representation, specifically, whether the representation was substandard; (2) the results the attorney achieved; (3) any delay attributable to the attorney seeking the fee; and (4) whether the benefits obtained were "not in proportion to the time spent on the case" and raise the specter that the attorney would receive an unwarranted windfall. *Crawford*, 586 F.3d at 1151-52 (citations omitted). The Ninth Circuit in *Crawford* also identified the risk inherent in contingency representation as an appropriate factor to consider in determining a § 406(b) award. 586 F.3d at 1153. It focused the risk inquiry, however, stating that "the district court should look at the complexity and risk involved in the specific case at issue to determine how much risk the firm assumed in taking the case." *Id.*

### A.    Character of the Representation

Substandard performance by a legal representative may warrant a reduction in a § 406(b) fee award. *Crawford*, 586 F.3d at 1151. The record in this case, however, provides no basis for a reduction in the requested § 406(b) fee due to the character of the attorney's representation. In fact, plaintiff's attorney prevailed by successfully arguing for a remand that resulted in the Commissioner awarding plaintiff Benefits.

### B.    Results Achieved

The Court ordered a remand of plaintiff's claim for further proceedings, which resulted in an award of Benefits to plaintiff, a positive result obtained by his attorney.

### C.    Undue Delay

A court may reduce a § 406(b) award for delays in proceedings attributable to claimant's counsel. *Crawford*, 586 F.3d at 1151. The reduction may be appropriate "so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court." *Gisbrecht*, 535 U.S. at 808 (citation omitted).

Here, plaintiff filed his Opening Brief on November 14, 2013 (Docket No. 13), two-and-a-half months after the Commissioner answered plaintiff's Complaint (Docket No. 9), and following one Unopposed Motion for Extension of Time for Plaintiff to File Opening Brief of only fourteen days (Docket No. 11). On February 18, 2014, the parties filed a Stipulated Motion to Remand, which the Court granted the next day. (Docket Nos. 18 & 19). The pendency of this action did not present any undue delay. Accordingly, a reduction of counsel's fee request is unwarranted under this factor.

### D. Proportionality

Finally, a district court may reduce a § 406(b) award if "benefits . . . are not in proportion to the time spent on the case." *Crawford*, 586 F.3d at 1151 (citing *Gisbrecht*, 535 U.S. at 808). The Supreme Court explained that "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is . . . in order." *Gisbrecht*, 535 U.S. at 808.

In this case, plaintiff's attorney filed a 16-page opening brief asserting numerous errors, as described above, that the ALJ allegedly committed at multiple steps of the sequential analysis. (Docket No. 13). Plaintiff's attorney argued that the Court should order an immediate award of Benefits or, in the alternative, remand for further proceedings. The case was remanded for further proceedings, which resulted in an award of past-due Benefits to plaintiff of $86,465.00. The Administration has withheld $6,000.00 for attorney fees. (Docket No. 23-2).

Plaintiff's attorney reports he spent 31.3 hours representing plaintiff in this matter, through the EAJA application. (Docket No. 23-3). Courts in this District have routinely found it reasonable to have worked between thirty and forty hours on an average Social Security case. *See, e.g.*, *Town v. Astrue*, No. 3:10-cv-01301-AC, 2013 WL 2902633, at *4 (D. Or. June 11,

2013) (40.8 hours); *Milliron v. Colvin*, No. 3:11-cv-00656-HU, 2014 WL 3728709, at *3 (D. Or. July 25, 2014) (approximately 36 hours); *Alter v. Colvin*, No. 1:12-cv-00737-AC, 2014 WL 3486143, at *2 (D. Or. July 11, 2014) (33.2 hours).

Plaintiff's attorney seeks $20,345.00 in fees, just below twenty-five percent of the total Benefit award, for his representation of plaintiff before this Court. This results in an effective hourly rate of $650.00. Courts in this District have approved hourly rates of $1,000.00 or more. *See, e.g.*, *Ali v. Comm'r*, No. 3:10-cv-01232-CL, 2013 WL 3819867, at *3 (D. Or. July 21, 2013) (approving an effective hourly rate of $1,000); *Quinnin v. Colvin*, No. 1:12-cv-01133-SI, 2013 WL 5786988, at *4 (D. Or. Oct. 28, 2013) (approving as reasonable "a *de facto* hourly rate for attorney time of $1,240"); *Breedlove v. Astrue*, No. 3:07-cv-1743-AC, 2011 WL 2531174, at *8 (D. Or. June 24, 2011) (approving an effective hourly rate of $1,041.84). This hourly rate is justified by the results achieved.

### E.     Risk

Plaintiff's attorney references the substantial risk of nonpayment undertaken in this case as well as the potential significant delay in payment. Here, plaintiff identified multiple issues in the ALJ's decision, and the outcome of the case was far from assured. The Court therefore finds that the risk involved in this case was average, and no reduction of the requested fee is warranted based on the risk or complexity of the case.

## RECOMMENDATION

For the reasons stated above, plaintiff's Unopposed Motion for Attorney Fees Under 42 U.S.C. § 406(b) should be GRANTED, in the amount of $20,345.00, with plaintiff's attorney to refund to plaintiff the already-awarded EAJA fees of $5,853.73.

**SCHEDULING ORDER**

The above Findings and Recommendation will be referred to a United States District Judge for review.  Objections, if any, are due January 27, 2017.  If objections are filed, a response to the objections is due fourteen days after the date the objections are filed and the review of the Findings and Recommendation will go under advisement on that date.

DATED this <u>10th</u> day of January, 2017.

<u>/s/ Patricia Sullivan</u>
PATRICIA SULLIVAN
United States Magistrate Judge
